IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADAM HECHT, on behalf of himself and others similarly situated, | ) ) ) | *Collective Action - FLSA* *29 U.S.C. § 216(b)* |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| OFFICE DEPOT, INC. | ) ) | |
| Defendant. | ) | |

**COMPLAINT – *COLLECTIVE ACTION***

Plaintiff ADAM HECHT ("PLAINTIFF"), for himself and on behalf of others similarly situated, hereby states a claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation, liquidated damages, and attorneys fees and costs of the action on the grounds stated below.

*Jurisdiction and Venue*

1. This Court has subject-matter jurisdiction over PLAINTIFF's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce, and 29 U.S.C. § 216(b) because this action arises under the FLSA.

2. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

3. At all relevant times, PLAINTIFF was a resident of Henry County, Georgia.

4. At all relevant times, Defendant OFFICE DEPOT, INC. ("DEFENDANT"), was a Delaware corporation doing business in the state of Georgia in the Northern District of Georgia, Atlanta Division.

5. DEFENDANT is subject to the personal jurisdiction of this Court.

6. DEFENDANT can be served through its registered agent for service of process: Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

### *Grounds for this Action*

7. PLAINTIFF is a former employee of Defendant OFFICE DEPOT, INC.

8. PLAINTIFF was employed by Defendant OFFICE DEPOT, INC. from on or about September 2011 to on or about July 2016.

9. PLAINTIFF was employed as an Assistant Store Manager ("ASM") by DEFENDANT.

10. PLAINTIFF was employed in DEFENDANT's stores in McDonough, Georgia, Stockbridge, Georgia, and Newnan, Georgia.

11. DEFENDANT classified PLAINTIFF's position as non-exempt for purposes of overtime compensation under the FLSA.

12. PLAINTIFF used DEFENDANT's electronic timekeeping system when clocking in and clocking out.

13. DEFENDANT used the entries in its electronic timekeeping system to calculate PLAINTIFF's compensation.

14. DEFENDANT compensated PLAINTIFF for only 32 hours of work during those workweeks when PLAINTIFF took a day off from work.

15. PLAINTIFF's primary job duties as an ASM for DEFENDANT not involve exercising independent judgment.

16. PLAINTIFF was an employee of DEFENDANT engaged in commerce.

17. PLAINTIFF was an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(1).

18. During PLAINTIFF's employment, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d).

19. During PLAINTIFF's employment, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

20.     During each year of PLAINTIFF's employment, DEFENDANT had an annual gross volume of sales made that was more than $500,000.

21.     During each year of PLAINTIFF's employment, DEFENDANT had employees engaged in commerce.

22.     During each year of PLAINTIFF's employment, DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

23.     During PLAINTIFF's employment, PLAINTIFF was covered by 29 U.S.C. § 207(a).

24.     At various times, PLAINTIFF worked more than 40 hours in a workweek.

25.     DEFENDANT did not pay PLAINTIFF all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

26.     DEFENDANT and DEFENDANT's management were aware of the extra hours PLAINTIFF worked in excess of 40 hours in a workweek.

27.     At various times, DEFENDANT paid PLAINTIFF overtime compensation only for those hours in excess of 46 in a workweek.

28.     At various times, DEFENDANT's store manager told PLAINTIFF to clock-out but to continue working when PLAINTIFF's actual hours worked in a workweek approached 40, which PLAINTIFF did,

resulting in DEFENDANT not paying PLAINTIFF all the overtime compensation properly due for those workweeks.

29. At various times, DEFENDANT's store manager told PLAINTIFF not to clock-in but to work anyway when PLAINTIFF's actual hours worked in a workweek approached 40, which PLAINTIFF did, resulting in DEFENDANT not paying PLAINTIFF all the overtime compensation properly due for those workweeks.

30. At various times, DEFENDANT's store entered arbitrary and false amounts of time in DEFENDANT's timekeeping system that understated PLAINTIFF's actual hours worked in excess of 40 in a workweek, resulting in DEFENDANT not paying PLAINTIFF all the overtime compensation properly due for those workweeks.

31. At various times, DEFENDANT's store manager edited the actual time of PLAINTIFF in DEFENDANT's timekeeping system to understate PLAINTIFF's actual hours, resulting in DEFENDANT not paying all the overtime compensation properly due for those workweeks.

32. At various times, PLAINTIFF's actual hours worked in a workweek ranged from the high 40's to between 50-55 hours, with DEFENDANT not paying PLAINTIFF all the overtime compensation properly due for those workweeks.

### *Collective-Action Allegations*

33. PLAINTIFF brings this case as a collective action pursuant to the collective-action provision of 29 U.S.C. § 216(b).

34. The Class that PLAINTIFF seeks to represent, hereinafter referred to as the "CLASS," is defined as:

> All current and former hourly paid employees and non-exempt salaried employees at DEFENDANT's McDonough, Georgia, Stockbridge, Georgia, and Newnan, Georgia locations, at anytime from [three years prior to mailing date of Notice to class] to [Notice mailing date], and who were not paid all overtime compensation properly due as required by federal law.

35. PLAINTIFF consents to participate in this collective action through his written consent filed with this pleading [Doc. 1-1] and which is a part of this pleading for all purposes pursuant to Fed. R. Civ. P. 10(c).

36. The written consents of other similarly situated individuals to participate in this lawsuit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

37. PLAINTIFF seeks to bring all claims arising under the FLSA on behalf of himself individually and all other similarly situated employees in the CLASS who:

(a) were employees of DEFENDANT in any pay period falling within three chronological years immediately preceding the date on which

this action was initially filed and continuing thereafter through the date on which final judgment is entered in this action; and

    (b)    timely file, or have already filed, a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

38. PLAINTIFF and the CLASS members seek unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs.

39. PLAINTIFF and the CLASS members were employed in DEFENDANT's stores in McDonough, Georgia, Stockbridge, Georgia, and Newnan, Georgia.

40. DEFENDANT classified the positions of PLAINTIFF and the CLASS members as non-exempt for purposes of overtime compensation under the FLSA.

41. PLAINTIFF and the CLASS members used DEFENDANT's electronic timekeeping system when clocking in and clocking out.

42. DEFENDANT used the entries in its electronic timekeeping system to calculate compensation for PLAINTIFF and the CLASS members.

43. DEFENDANT compensated PLAINTIFF and the CLASS members for only those hours worked during workweeks when they took time off from work.

44. The primary job duties of PLAINTIFF and the CLASS members did not involve exercising independent judgment.

45. PLAINTIFF and the CLASS members were an employee of DEFENDANT engaged in commerce.

46. PLAINTIFF and the CLASS members each were an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(1).

47. During the employment of PLAINTIFF and the CLASS members, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d).

48. During the employment of PLAINTIFF and the CLASS members, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

49. During each year of employment of PLAINTIFF and the CLASS members, DEFENDANT had an annual gross volume of sales made that was more than $500,000.

50. During the employment of PLAINTIFF and the CLASS members, DEFENDANT had employees engaged in commerce.

51. During the employment of PLAINTIFF and the CLASS members, DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

52. PLAINTIFF and the CLASS members are similarly situated.

53. During the employment of PLAINTIFF and the CLASS members, each individual was covered by 29 U.S.C. § 207(a).

54. At various times, PLAINTIFF and the CLASS members worked more than 40 hours in a workweek.

55. DEFENDANT did not pay PLAINTIFF and CLASS members all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

56. DEFENDANT and DEFENDANT's management were aware of the extra hours PLAINTIFF and CLASS members worked in excess of 40 hours in a workweek.

57. At various times, DEFENDANT paid PLAINTIFF and the CLASS members overtime compensation only for those hours in excess of 46 in a workweek.

58. At various times, DEFENDANT's store manager told PLAINTIFF and CLASS members to clock-out but to continue working, resulting in DEFENDANT not paying all the overtime compensation properly due for those workweeks.

59. At various times, DEFENDANT's store manager told PLAINTIFF and CLASS members not to clock-in but to work anyway, resulting in DEFENDANT not paying PLAINTIFF all the overtime compensation properly due for those workweeks.

60. At various times, DEFENDANT's store manager entered arbitrary and false amounts of time in DEFENDANT's timekeeping system that understated the actual hours worked in a workweek by PLAINTIFF and CLASS members, resulting in DEFENDANT not paying all the overtime compensation properly due for those workweeks.

61. At various times, DEFENDANT's store manager edited the actual time of PLAINTIFF and CLASS members in DEFENDANT's timekeeping system to understate their actual hours, resulting in DEFENDANT not paying all the overtime compensation properly due for those workweeks.

62. PLAINTIFF and the CLASS members were subject to similar time-keeping policies and procedures.

63. PLAINTIFF and the CLASS members were supposed to be paid their proper overtime compensation at an hourly rate.

64. DEFENDANT subjected PLAINTIFF and the CLASS members to a common policy, practice, plan or scheme that required or permitted them to perform uncompensated work for the benefit of DEFENDANT in excess of 40 hours per workweek.

65. DEFENDANT subjected PLAINTIFF and the CLASS members to a common policy, practice, plan or scheme that required or permitted them to

work more than 40 hours during each workweek without paying these employees all their overtime compensation properly due.

66. PLAINTIFF and the CLASS members were not paid proper overtime compensation as required by 29 U.S.C. § 207(a) for all workweeks.

### *CLAIM AGAINST THE DEFENDANT*

### Count 1
### *29 U.S.C. § 207(a)*
### (Unpaid Overtime Compensation)

67. PLAINTIFF re-alleges and adopts Paragraphs 1-66 above and incorporates them by reference herein.

68. By engaging in the conduct alleged above in Paragraphs 7-32 and Paragraphs 39-66, DEFENDANT violated the FLSA with respect to PLAINTIFF and the CLASS members described above in Paragraphs 34 by not paying them all their overtime compensation properly due for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

69. By engaging in the conduct alleged above in Paragraphs 7-32 and Paragraphs 39-66, DEFENDANT willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to PLAINTIFF and the CLASS members described above in Paragraph 34, all in violation of 29 U.S.C. § 255.

70. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 7-32 and Paragraphs 39-66, PLAINTIFF and the CLASS members were not paid all wages due in the manner required by the FLSA.

71. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 7-32 and Paragraphs 39-66, PLAINTIFF and the CLASS members described above in Paragraph 34 were not paid all overtime compensation properly due them as required by the FLSA.

72. DEFENDANT's conduct giving rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

73. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 7-32 and Paragraphs 39-66, PLAINTIFF and the CLASS members described above in Paragraph 34 are entitled to recover their unpaid overtime compensation and an additional equal amount as liquidated damages, pre- and post-judgment interest, in addition to reasonable attorney's fees and costs of this action, all through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined as specified by law.

## *PRAYER FOR RELIEF*

WHEREFORE, plaintiff ADAM HECHT respectfully prays that this Court enter judgment in his favor and in favor of the CLASS members described above in Paragraph 34 and against DEFENDANT for:

    A.    Certification of a collective-action class pursuant to 29 U.S.C. § 216(b).

    B.    All amounts of unpaid overtime compensation that PLAINTIFF and the members of the CLASS described above in ¶ 34 would have received but for DEFENDANT's unlawful conduct, pursuant to 29 U.S.C. § 216(b).

    C.    An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

    D.    All reasonable attorney's fees and costs of the action through entry of judgment, pursuant to the FLSA, the FHA, and 42 U.S.C. § 1981, including all reasonable attorney's fees and costs for:

    (1)    the time spent plus costs reasonably incurred throughout this action relating to the claim of PLAINTIFF and the CLASS members under the FLSA;

    (2)    the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claim of PLAINTIFF and the CLASS members under the FLSA, whether in

connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

  (3) the time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, pursuant to and as required by <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), and

  (4) the time spent explaining to PLAINITFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

 E. Pre-judgment and post-judgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action.

 F. All such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

**/s/ *Alan H. Garber***
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

***Attorneys for the Plaintiff and the Putative Class***